**Hillard MARTIN, Plaintiff–Respondent,**

v.

**Francine JAMES, Personal Representative of the Estate of Anna Laura Smith, Defendant,**

**and**

**Francine James, individually, Defendant–Appellant.**

**No. 58746.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 20, 1991.

Rehearing Denied Oct. 16, 1991.

Spilker & Borgmann, P.C., Ronald F. Borgmann, St. Louis, for defendant-appellant.

Lena A. Conley, St. Louis, for plaintiff-respondent.

KAROHL, Judge.

This appeal of Francine James in her individual capacity must be dismissed because she was not aggrieved by an order of the trial court which refused to set aside a summary judgment in favor of plaintiff Hillard Martin. Section 512.020 RSMo 1986. Defendant Francine James did not file a notice of appeal in her capacity as personal representative of the Estate of Anna Laura Smith.

On February 13, 1987, plaintiff filed a two count petition against defendant Francine James, individually and as personal representative of the Estate of Anna Laura Smith. Count I alleged Anna Laura Smith contracted with Hillard Martin, plaintiff, to make a will in which she would devise and bequeath to him all her property of every kind and description and make and recognize him as her sole and only legatee. Count I prayed "the Court to decree specific performance of said contract, and to decree that all of the property and estate of the said Anna Laura Smith, deceased, be delivered over by the Defendants to this Plaintiff, as the sole beneficiary and equitable owner thereof." Count II prayed a judgment against "said Estate of Anna Laura Smith, in the sum of $4,300" with interest and costs. It appears that Count II was intended to be in the alternative if plaintiff did not prevail on Count I because the claim was for improvements made by plaintiff on property he would receive by specific performance on Count I. The petition does not attempt to allege a claim against defendant on any theory of individual liability.

On August 31, 1988, the trial court entered summary judgment for plaintiff which we reproduce in full.

### SUMMARY JUDGMENT
### FOR PLAINTIFF

The motion of the plaintiff for summary judgment pursuant to Civil Rule 74.04, having been presented, and the court being fully advised, the court finds that the plaintiff is entitled to a summary judgment as a matter of law.

It is therefore ordered, adjudged, and decreed that the plaintiff's motion for summary judgment be, and the same hereby is granted, that the plaintiff have and recover all of the property, both real and personal, of the estate of decedent Anna Laura Smith, pending in the Probate Division of the Circuit Court of the City of St. Louis, Missouri bearing Cause No. 3–86–1229–P–D and that such property, wheresoever situated, be delivered to the plaintiff as the sole legal and equitable owner thereof and that the Personal Representative of the estate of Anna Laura Smith, execute and deliver to Plaintiff any and all Deeds or other documents necessary to effectuate this decree. And that plaintiff have and recover the sum of $4,300.00 (Four Thousand Three Hundred Dollars) (*together to effectuate this decree*). *And that plaintiff have and recover the sum of $4,300.00 (Four Thousand Hundred Dollars)* [sic] *together with interest at the rate of 9% from November 19, 1986*, to be levied out of the goods and chattels, lands, and tenements of the said estate of Anna Laura Smith, and, if no sufficient property of the said estate of Anna Laura Smith can be found to satisfy said judgment that the same or the residue thereof be levied out of the property situate in the City of St. Louis, Missouri, charged with the lien of plaintiff, and described as follows:

The Eastern 20 feet of Lot 33 and the Western 10 feet of Lot 34 in Block 12 of LINDELL FAIR GROUND ADDI-

TION, and in Block 5191 of the City of St. Louis, together fronting 30 feet on the North line of Palm Street by a depth Northwardly of 110 feet to an alley; together with the improvements thereon known as and numbered 3941 Palm Street.

That Defendants' counterclaim and Third Party Petition are hereby dismissed.

Costs taxed against defendants. (Our emphasis).

We read the judgment to be a judgment against Francine James in her capacity as personal representative of the Estate of Anna Laura Smith, except for taxation of costs. The judgment was granted on a petition which did not state a cause of action against Francine James, individually. The theory of contract and improvement of real estate owned only by Anna Laura Smith claimed personal liability of Anna Laura Smith only.

The judgment recognizes the existence of a probate estate for Anna Laura Smith as Cause No. 3–86–1229–P–D. If plaintiff was entitled to the judgment entered for specific performance of an agreement to make a will, then specific performance by the personal representative was subject to the regular completion of the probate estate. On plaintiff's theory he was entitled to a will in his favor. The judgment for specific performance excludes the probate court recognition of payment of claims and expenses of probate. The present appeal does not disclose the status of the probate estate in terms of the nature and extent of all property probated or payment of claims and expenses of probate. Nor is it possible for this court to determine whether the judgments on Count I and II are in the alternative. However, a reading of the petition and the judgment on the petition supports the conclusion that the judgment was against the estate only, as a matter of law. The petition would not support a judgment against Francine James, individually.

Francine James, individually and as personal representative, filed a motion to set aside the summary judgment, on the au-thority of Rule 74.06(b), solely because plaintiff failed to give notice of the filing of the motion and notice of hearing. Defendants were formerly represented by counsel who had withdrawn by leave. Plaintiff mailed notice on August 5, 1988, to Francine James at the last known address reflected in the circuit court file. There is some support in the probate court file that Francine James notified the probate court to change her address by notice given only to the probate court on February 29, 1988. The trial court found plaintiff provided proper and adequate notice by mailing to defendant's last known address as it appeared in the circuit court file. We may not reach this issue on the merits because Francine James, in her individual capacity, was not aggrieved by a refusal to set aside the summary judgment which, by its terms, is a judgment against the estate only.

The trial court reached the right result. We dismiss the appeal.

PUDLOWSKI, P.J., and GRIMM, J., concur.